## Commonwealth v. Gardner, Appellant.

PER CURIAM, October 9, 1929:

On this petition for the allowance of an appeal from the Superior Court, defendant avers that there are two constitutional questions involved which bring the case into this court as a matter of right under section 7, paragraph (e), of the Act of June 24, 1895, P. L. 212, providing that there may be an appeal from the Superior Court to the Supreme Court "if the case involves the construction or application of the Constitution of Pennsylvania."

When passing on an application such as the one now before us, we do not consider the merits of constitutional questions alleged to be involved, but we do look to see whether (1) that which is asserted to be a constitutional question is such, and (2), if it is, whether the point raised is really involved in the case. If either of these questions is resolved against the petitioner, the appeal must be refused.

The first constitutional contention stated by defendant is that the Act of March 27, 1923, P. L. 34, contravenes article III, section 3, of the Constitution of Pennsylvania. Petitioner argues that the real subject-matter of the Act of 1923 is an attempted exercise of power conferred on the State by section 2 of the Eighteenth Amendment to the federal Constitution, and that there is no notice in the statute's title of this subject-matter. Defendant is initially in error in his conception of the source of the State's power so to legislate. "Such [local] laws derive their force......not from this amendment, but from power originally belonging to the states, preserved to them by the 10th Amendment, and now relieved from the restriction heretofore arising out of the federal Constitution": U. S. v. Lanza, 260 U. S. 377, 381-2. But even if defendant's erroneous assumption as to the source of power were true, his contention is fallacious in that it confuses the *subject-matter* of the act with the *power* which might sanction legislative control of that subject-matter. The body of the statute confirms the wording of the title that the subject-matter of the act here in question is intoxicating liquors. Although the point now sought to be raised concerning the alleged defect in the title to the Act of 1923, has never heretofore been ruled by this court, it is a fundamental principle that there must be some real basis in fact for the raising of what is claimed to be a constitutional question. A problem of this kind is not involved where, as here, it is clear on the face of the act which is attacked, that under no circumstances could the question pre-

sented be held to exist as a constitutional point. The Supreme Court of the United States has many times declined jurisdiction "where it appears that the constitutional question [upon which jurisdiction must depend] is not......substantial" (see Goodrich v. Ferris, 214 U. S. 71, 79; Sugarman v. U. S., 249 U. S. 182, 184; Zucht v. King, 260 U. S. 174, 176; see also United Surety Co. v. American Produce Co., 238 U. S. 140, 142) ; the same rule obtains with us to the extent above indicated.

In the second place, petitioner argues that the act in question violates article II, section 1, of the state Constitution, in that it delegates to the congress of the United States, by allowing it to define intoxicating liquors, power to legislate for the Commonwealth of Pennsylvania. This point has not been ruled by us specifically in connection with the Act of 1925, but the identical statutory phrase was ruled on in Com. v. Alderman, 275 Pa. 483, 486, under the Woner Act of May 5, 1921, P. L. 407, which covers the same subject-matter as the Act of 1923, and the point here alleged to be involved, was there decided adversely to defendant's contention. Defendant so admits, in his brief filed in the Superior Court, but wishes to raise the point anew. This cannot be done as a matter of right, for a constitutional point once definitely decided by us no longer exists as such; therefore it may not be insisted upon in a subsequent case as entitling one to an appeal, and we see no reason here to allow an appeal as a matter of grace.

The prayer of the petition is refused.