## Commonwealth ex rel. Moore *v.* Ashe, Warden.

Opinion by Mr. Justice Maxey, April 28, 1941:

Paul Moore, the relator, became an inmate of the Western State Penitentiary on May 7, 1938, under sentence imposed by the Court of Quarter Sessions of Westmoreland County on six separate charges of forgery. The first three sentences were from 2½ to 5 years and were to run consecutively. The last three sentences were from 2½ to 5 years but were to run concurrently with the third sentence. Relator asks for his release from imprisonment because the requirements of the Act of April 15, 1907, P. L. 62, had not been complied with before sentences were imposed upon him. This act provides: "Whenever hereafter, within this Commonwealth, any person is charged with the commission of any crime, and such person is willing to enter a plea of guilty, and shall notify the district attorney to that effect, no bill of indictment charging such offense shall be sent to a grand jury; but the district attorney shall at once prepare a bill of indictment, in the usual form, and the plea of guilty shall, at the request of the said defendant or defendant's counsel be entered thereon, and the court of the proper county at any session thereof, shall thereupon, forthwith, impose sentence for the offense set forth therein." (Homicide cases are exempt from this act). The procedures followed in each of the cases now before us were as follows. Moore signed a paper which had as its caption: Commonwealth of Pennsylvania v. Paul Moore, and number and term, the

name of the charge ("forgery"), the amount of the forged check and the prosecutor's name. Then followed a statement signed by Moore in which he acknowledged his guilt "of the above charge". He declared that he "will so plead when called for trial". He also waived "the finding of a bill of indictment against him" and stated "I do plead guilty". When Moore signed this paper, as requesting in effect that a "district attorney's bill" (i. e., an "indictment" under the Act of 1907) be prepared, it is obvious that no such bill was then in existence. The paper he signed was afterwards attached by a fastener to such a bill.

No plea of guilty was "entered on" the bill of indictment prepared by the district attorney and because of this fact relator contends that the court was without jurisdiction to impose sentence upon him. The paper Moore signed was clearly only a preliminary step in the required proceedings under the Act of 1907. When an indictment had been prepared under that act, Moore, if he still was of a mind to plead guilty, was entitled to have his plea of guilty "entered thereon at the request" of himself or his counsel, for the act specifically so provides. It is also desirable, though not required by the statute, that the defendant sign this plea, if he is able to do so. When what the statute requires is done, the record is sufficiently complete for the imposition of sentence. The procedure followed in the instant case omitted one important step required by the Act of 1907, i. e., the entering of the plea of guilty on the indictment.*

---

* If a bill of indictment drawn under the Act of 1907 has entered *on it* the following, all the requirements of that act and of the decisions of our appellate courts in respect thereto are complied with:

"I, the defendant above named, being willing to enter a plea of guilty to the charge contained in the within indictment and having notified the district attorney to that effect and the district attorney having prepared pursuant to that notice this bill of in-

In *Com. ex rel. Fagan v. Francies,* 53 Pa. Superior Ct. 278, there was endorsed on the back of the justice's transcript the following words: "October 10, 1910, I hereby waive the finding of the Grand Jury in within charge, and plead guilty thereto. William Fagan." The defendant was sentenced to the penitentiary without further proceedings. It was held that the sentence was illegal and the prisoner was entitled to his discharge in habeas corpus proceedings. Judge RICE said: "The statute clearly implies that the defendant's plea must be to an indictment. . . . Nor was a plea of guilty to the indefinite charge noted in the docket tantamount to a plea of guilty to an indictment that the relator was entitled to have prepared, so that it would become part of the record, before he could be sentenced. His waiver of the finding of the grand jury and plea laid ground for further proceedings in accordance with the provisions of the statute, but did not dispense with compliance with them, nor give the court jurisdiction to sentence him if they were not complied with. In short, he did not, by waiving the finding of the grand jury and pleading guilty to the indefinite charge 'Statutory Rape,' consent to be sentenced without indictment, any more clearly than he would be deemed to have given such consent by pleading guilty before the justice of the peace."

In *Com. ex rel. Mayernick v. Ashe,* 139 Pa. Superior Ct. 421, that court held that in construing the Act of April 15, 1907, P. L. 62, defendant's plea of guilty must be endorsed or entered on the indictment. President Judge KELLER said: "The plea must be endorsed or entered on the indictment, and in view of the lack of a finding of a true bill by the grand jury, and the requirement that it be entered at defendant's request, the

---

dictment in the usual form, specifying the charge made, do hereby request that my plea of guilty be entered hereon."

It is desirable that this be followed by the defendant's signature or witnessed mark.

plea should be signed by the defendant if able to do so, and if not, his mark should be made in the presence of and be witnessed by the clerk, or a court officer. . . . These are safe-guards designed to avoid any uncertainty as to what the defendant was charged with and to what he pleaded guilty." The court declared that it followed the decision of the court in *Com. ex rel. Fagan v. Francies,* supra, "and the reasons therefor so well stated by Judge RICE," and that the sentence of the court imposed thereon was void for want of jurisdiction under the act.

The next question is whether the above described omission in the proceedings was cured by the subsequent proceedings in open court. The certified copy of the record shows a caption the same as the caption of the paper Moore signed (except that the amount of the check alleged to have been forged is not stated). A case somewhat similar to the one now before us is that of *Com. ex rel. Banky v. Ashe,* 142 Pa. Superior Ct. 396. In *that* case the defendant signed a separate paper authorizing the district attorney to prepare an indictment under the Act of 1907, waiving its presentation to the grand jury and *authorizing the district attorney to enter his plea of guilty thereon.* In the instant case there was no such authorization as that which we have just italicized. The Superior Court there held that though the indictment had not been signed by the district attorney (as it should have been) and though the plea of guilty had not been signed by the defendant (as is the practice recommended), the defendant was not entitled to be discharged "where the record shows his arraignment in court, a plea of guilty, with full knowledge of the crime charged and nothing presented by way of extenuation, and the entry of the plea of guilty was by written authority of the defendant contained in a separate writing." The record before us is less complete, for it does *not* show that the defendant *authorized the district attorney to enter his plea of guilty on the indictment,*

which the defendant in the separate paper he signed requested (in effect) the district attorney to *prepare.* The record does show that the "defendant pleaded guilty in open court". In determining what he pleaded guilty to, we are aided by the caption. This shows: "Charge: Forgery, False Pretences." It also names the *prosecutor* and gives a *number* and *term,* which corresponds to an indictment under the Act of 1907, in which the offence charged is set forth with sufficient exactness. The record *in its entirety* leaves no ground for uncertainty as to the crime to which the defendant pleaded guilty in open court. On a possible subsequent prosecution for *the same offence,* the defendant could show by *these records* that he had previously answered for it.

In *Com. ex rel. Krannacher v. Ashe,* 142 Pa. Superior Ct. 162, the plea of guilty was entered in open court by the defendant and was endorsed on the indictment (drawn under the Act of 1907) by the judge and duly authenticated or certified by him. The Superior Court held that this was "just as effectual a compliance with the Act of 1907, as if the defendant had *signed* the plea so entered on the indictment, as was suggested in *Com. ex rel. Mayernick v. Ashe* (supra) as the proper method of procedure."

While the procedure herein reviewed was, to the extent noted, irregular and deficient, we find no such impairment of the substantial rights of the defendant as to warrant his discharge from imprisonment. The record in its entirety shows sufficient compliance with the requirements of criminal procedure to clothe the court with jurisdiction to impose the sentence challenged.

The writ is refused.