## Commonwealth ex rel. Butler *v.* Ashe, Warden.

Argued April 28, 1941.

Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Albert F. Butler,* in propria persona, appellant.

*Edward Greb Bauer,* Assistant District Attorney, for appellee.

OPINION BY KELLER, P. J., June 30, 1941:

This is an appeal by the relator, Albert F. Butler, from the order of the Court of Common Pleas of Allegheny County (ELLENBOGEN J.), dismissing his petition for writ of habeas corpus and remanding him into the custody of the warden of the penitentiary.

The relator, with three co-defendants, on February 8, 1933 pleaded guilty in open court to three district attorney's 'indictments,' prepared under the provisions of the Act of April 15, 1907, P. L. 62, to February Term 1933 in the Court of Oyer and Terminer of Westmoreland County, to wit:

No. 152—Robbery (Act of April 18, 1919, P. L. 61).

No. 149—Robbery (Act of April 18, 1919, P. L. 61).

No. 154—Larceny of a motor vehicle (Act of May 1, 1919, P. L. 99).

He was sentenced to imprisonment in the Western State Penitentiary for the following terms:

No. 152—not less than ten nor more than twenty years.

No. 149—not less than ten nor more than twenty years, to begin at the expiration of sentence at No. 152.

No. 154—not less than one year nor more than two years, to be served concurrently with sentence at No. 149.

He was accordingly committed.

On August 14, 1940 he filed his petition for writ of habeas corpus presenting the following grounds for his discharge:

(1) That he was not represented by counsel, nor was he advised, either by the court or the district attorney or by any one else, of his right to be so represented.

(2) That he at no time signed or endorsed his name on any plea of guilty or on the indictment and at no time was any plea of guilty entered on the bill of indictment at his request or his counsel's.

At the habeas corpus hearing before Judge ELLENBOGEN it was established that the appellant relator was represented by counsel when his pleas of guilty were entered. Following this, the first ground or reason was withdrawn. Nevertheless, it shed light on the value to be given the relator's allegations.

The records produced in court showed that 'indictments' in the usual form had been prepared by the district attorney and duly signed by him. On the back of each indictment appears the following notation, the italics representing the *insertions* in the blank form printed on the indictment:

"*Feb. 8, 1933.* Defendant being *in open court* pleads *Guilty*

Eo die. District Attorney similiter et issue

*Arthur E. Ewing* Clerk"

The plea of guilty was thus *entered* on the indictment as directed by the Act of 1907, and was authenticated by the clerk.

The statute does not *require* the plea to be *signed* by the defendant, though it is desirable in practice, in order to avoid dispute. See *Com. ex rel. Paul Moore v. Ashe,* 341 Pa. 555, 19 A. 2d 734.

The record further shows that the pleas were entered in open court; that the defendant was represented by counsel, who appeared with him in court; that the charges against him were read in the presence of the defendant and his counsel by the assistant district attorney; that witnesses were called on behalf of the Commonwealth and were examined as to the part this defendant had in the crimes, and they were cross-examined by the defendant's counsel; that counsel for the defendant (page 22 of testimony) asked permission to call character witnesses on his behalf, and this permission was granted; that counsel for the defendant then called five (5) witnesses who testified on his behalf. The testimony was then closed and the court (page 26 of testimony) said to relator, "Have you anything to say why the sentence of the court should not be pronounced?" and he made no reply. The record also shows that this defendant—the relator—had made a confession of his guilt to the officers. It may be seen from this that the defendant was informed as to the precise accusations against him and the crimes to which he was pleading guilty, and it is evident that he could not be again convicted for any of these offenses, as they are set forth as a permanent record in the testimony taken before sentence was imposed by the court.

We are satisfied that there was a substantial compliance with the Act of April 15, 1907, P. L. 62, and that none of the relator's legal or constitutional rights were

22

withheld or violated in connection with the entering of his pleas of guilty, and the imposition of sentence thereon.

Order affirmed.