Commonwealth ex rel. Dende, Appellant, *v.* Ashe, Warden.

Commonwealth ex rel. Zarski, Appellant, *v.* Ashe, Warden.

Argued May 1, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Bresci R. P. Leonard,* with him *Lee L. Leonard,* for appellants.

*Louis L. Kaufman,* with him *Andrew T. Park,* District Attorney, and *Geo. F. P. Langfitt,* First Ass't District Attorney, for appellee.

OPINION BY KELLER, P. J., June 30, 1941:

These appeals by Leopold Dende and Victor Zarski, respectively, are from orders of the Court of Common Pleas of Allegheny County (GARDNER, J.) refusing to discharge them on writs of habeas corpus and remanding them to the custody of the warden of the penitentiary.

They are further examples of the troubles consequent on a failure of the district attorney, or his assistants, to follow carefully the directions of the Act of April 15, 1907, P. L. 62, providing that in certain cases defendants may enter pleas of guilty and be sentenced, without the presentation of a bill of indictment to the grand jury. The Act, prior to its amendment of June 15, 1939, P. L. 400, is printed in the margin.[1]

---

[1] "Section 1. Be it enacted, &c., That whenever hereafter, within this Commonwealth, any person is charged with the commission of any crime, and such person is willing to enter a plea of guilty, and shall notify the district attorney to that effect, no bill of indictment charging such offense shall be sent to a grand jury; but the district attorney shall at once prepare a bill of indictment, in the usual form, and the plea of guilty shall, at the request of the said defendant or defendant's counsel be entered thereon, and the court of the proper county at any session thereof, shall thereupon, forthwith, impose sentence for the offense set

On November 24, 1936, Walter C. Monaghan, captain of detectives, made a sworn complaint before a police magistrate of the City of Pittsburgh charging that Karl Z. Wojtowicz, Teofil S. Lagodzinski, Leopold Dende and Victor Zarski, being armed with revolvers, did on November 10, 1936, assault and rob Rev. Joseph Frania, Rev. James Olko, Rev. Vincent Kuklewski, Viola Stutler, Mary Paskovitch and Eva Paskovitch, respectively, of certain lawful money therein stated, and at the same time, did beat, strike and otherwise abuse the said persons robbed, and commit a felonious assault and battery on their persons with intent to murder them. They were arrested on November 25, 1936 and the next day were brought before Judge M. A. MUSMANNO, sitting as a committing magistrate, and having pleaded guilty they were by him committed to jail.

The district attorney, using a blank form containing two counts, (1) Robbery—in the language of the Act of April 18, 1919, P. L. 61; (2) Receiving stolen goods, prepared an 'indictment' to No. 55 November Term 1936, in the Court of Oyer and Terminer, by filling out the first count, charging the four above-named defendants with having on November 10, 1936, made a felonious assault on the persons named in said complaint or information and beaten, struck and ill-used the said persons, naming them, and with having then and there feloniously robbed and taken away from their persons certain stated moneys and property belonging to them respectively.

The form for the second count was not filled in at all. It was left entirely blank, and cannot be considered a charge against the defendants.

---

forth therein: Provided, however, That nothing in this act shall be construed so as to relate to, or change the proceedings in, homicide cases in this Commonwealth: And provided further, That the defendant may withdraw his plea of guilty, at any time before sentence, by leave of the court."

The 'indictment' was not signed by the district attorney. A rubber stamp in the following form was impressed on the back of the 'indictment':

"And now *Nov. 27, 1936,* defendant having been charged with the offense herein set forth and having notified the district attorney of —— willingness to enter a plea of guilty and this indictment having been thereupon prepared defendant after reading same do plead guilty thereto which plea is entered at —— request."

Below this was another rubber stamp impression, "As to each Defendant".
Neither stamp impression was signed by any of the defendants or attested by the Clerk.

On the reverse side of the back of the 'indictment' appeared three rubber stamp impressions, the italics representing the portions filled in:

"And now *Nov. 27, 1936,* Defendant sentenced to pay a fine of *6¼ cents* to the Commonwealth. Pay costs of prosecution; and undergo an imprisonment of not less than *4½ years* or more than *9 years* in the Western Penitentiary and stand committed. *Karl Z. Wojtowicz and Teofil S. Lagodzinski.*
*M."*

"And now *Nov. 27, 1936,* Defendant sentenced to pay a fine of *6¼ cents* to the Commonwealth. Pay costs of prosecution; and undergo an imprisonment of not less than *9 years* or more than *18 years* in the Western Penitentiary and stand committed, *as to Leopold Dende.*
*M."*

"And now *Nov. 27, 1396,* Defendant sentenced to pay a fine of *6¼ cents* to the Commonwealth. Pay cost of prosecution; and undergo an imprisonment of not less than *8 years* or more than *16 years* in the Western

Penitentiary and stand committed, *as to Victor Zarski.
M."*

In view of the other matters later referred to, we have
no hesitation in holding that the *initial* "M", following
each of these sentences represented the initial of the
surname of Judge MUSMANNO who imposed the sen-
tences, and amounted to an authentication of the 'in-
dictment' by him.

Filed in the records of the case, but without caption,
or number and term, were four cards each denominated
'Plea', one of which was signed by each defendant,
Dende's and Zarski's being as follows:

"Form 107 Clerk of Courts.

Courts of Oyer and Terminer and Quarter Sessions
of Allegheny County, Pennsylvania.

### PLEA

The defendant *Leopold Dende* waives arraignment
and pleads *Guilty* in open Court, this *Nov. 27, 1936.*

(signed) *Leopold Dende"*

"Form 107 Clerk of Courts.

Courts of Oyer and Terminer and Quarter Sessions
of Allegheny County, Pennsylvania.

### PLEA

The defendant *Victor Zarski* waives arraignment and
pleads *Guilty* in open Court, this *Nov. 27, 1936.*

(signed) *Victor Zarski."*

Had the record ended there the relators' appeals would
have had considerable merit. See *Com. ex rel. Fagan v.
Francies,* 53 Pa. Superior Ct. 278; *Com. ex rel. Mayer-
nick v. Ashe,* 139 Pa. Superior Ct. 421, 12 A. 2d 452;
*Com. ex rel. Penland v. Ashe,* 142 Pa. Superior Ct. 403,
17 A. 2d 224.    But compare, *Com. ex rel. Krannacher v.
Ashe,* 142 Pa. Superior Ct. 162, 15 A. 2d 855; *Com. ex
rel. Conrad v. Ashe,* 142 Pa. Superior Ct. 254, 15 A. 2d
926; *Com. ex rel. Banky v. Ashe,* 142 Pa. Superior Ct.

396, 16 A. 2d 668; *Com. ex rel. Slifko v. Ashe,* 144 Pa. Superior Ct. 593, 20 A. 2d 799, filed herewith.

But a transcript of the testimony and the proceedings in open court taken by the court stenographer when the four defendants were brought into court and pleaded guilty to the 'indictment' before referred to, brings the case within the recent ruling of the Supreme Court in *Com. ex rel. Moore v. Ashe, Warden,* 341 Pa. 555, 19 A. 2d 734, and warrants the application of the language used by Mr. Justice MAXEY, speaking for the Court in that case, viz., "While the procedure herein reviewed was, to the extent noted, irregular and deficient, we find no such impairment of the substantial rights of the defendant as to warrant his discharge from imprisonment. The record in its entirety shows sufficient compliance with the requirements of criminal procedure to clothe the court with jurisdiction to impose the sentence challenged. The writ is refused."

The record of the proceedings in open court on November 27, 1936, JUDGE MUSMANNO presiding, shows that after bringing all four defendants before the court, the assistant district attorney informed the court that they were charged with robbery of the persons of Rev. Joseph Frania, Rev. James Olko, Rev. Vincent Kuklewski, Mary Paskovitch, Eva Paskovitch and Viola Stutler on November 10, 1936 and that they had signed pleas of guilty to the charges. The prosecutor, Inspector Monaghan of the Pittsburgh Police Department, then informed the court, in the presence of the defendants, that statements had been obtained from them admitting their entering the Rectory of St. Adelbert's Church, on the South Side, on November 10, 1936 and the robbery of Father Frania and his assistants, Fathers Olko and Kuklewski, as well as the women employees. The three priests and the two Paskovitch sisters were then sworn and testified to the 'hold up' by three of the defendants, (all except

Dende, who apparently was outside in the car, but who had furnished a gun and for whose benefit the robbery was committed), the drawing of guns by the robbers and their demand for $500, their taking all the money and valuables the witnesses had, and their tying them up by the arms and legs so that they could not give an alarm. The four defendants were then called and sworn and admitted all the details of the robbery, as testified to by Father Frania, except that they said they had only one gun, which was Dende's. They said the robbery had been planned by Dende and Zarski to raise money which the former needed because of his having killed a man in an automobile accident, it being their idea "that a priest wouldn't try anything desperate"; and they admitted that in an endeavor to raise this money they had engaged in a series of robberies in a number of States, including the one at the Rectory. Their story, fantastic as it may sound, at least showed a full knowledge on their part of what they were doing, although they naturally denied any intention to shoot anyone with the gun, which, however, they admitted was loaded. Following this Judge MUSMANNO imposed the sentences endorsed on the 'indictment' and initialed by him, treating the two younger defendants somewhat more leniently than these appellants.

The docket entries in the Court of Oyer and Terminer of Allegheny County to No. 55 November Sessions 1936, in the case of *"Commonwealth v. Karl Z. Wojtowicz, Teofil S. Lagodzinski, Leopold Dende and Victor Zarski"* show that court met at 9:30 o'clock a. m., Honorable MICHAEL A. MUSMANNO, presiding — "Charge: Robbery — No bill — Judge: MUSMANNO — Dist. Atty., Langfitt — Prosecutor, Walter C. Monaghan", and the following entry:

"And now, November 27, 1936, Defendants severally present in open court, severally plead Guilty", followed

by the sentences endorsed on the 'indictment' as before stated.

We have no doubt that in view of this record and the testimony before referred to, which forms part of the record in the case (Act of April 18, 1919, P. L. 72) all the defendants, including these appellants, were fully conversant with the crime charged against them and that, with a full knowledge of the charge, they pleaded guilty in open court, and were sentenced within the limits prescribed by the Act of April 18, 1919, P. L. 61. Just as in the Moore case, the record *in its entirety* leaves no ground for uncertainty as to the crime to which the defendants pleaded guilty in open court; and on a possible subsequent prosecution *for the same offense* the defendants could show by these records that they had previously answered for it.

The Act of April 15, 1907, P. L. 62 is constitutional: *Com. ex rel. Wheeler v. Francies,* 58 Pa. Superior Ct. 266; *Com. ex rel. Elliott v. Francies,* 58 Pa. Superior Ct. 270; *Com. ex rel. Stanton & Wheeler v. Francies,* 250 Pa. 496, 95 A. 527.

The first, fourth, fifth, sixth and seventh assignments of error in each appeal are overruled. The remaining assignments are not sufficiently important or material, in view of the foregoing discussion, to cause a reversal of the orders and the discharge of the relators, and they are accordingly dismissed.

Orders affirmed.