## Commonwealth ex rel. Uveges, Appellant, *v.* Ashe, Warden.

Submitted April 24, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Elmer Uveges,* in propria persona.

*Artemas C. Leslie,* District Attorney and *Louis L. Kaufman,* for appellee.

OPINION BY RHODES, P. J., July 17, 1947:

This is an appeal by relator from an order of the Court of Common Pleas of Allegheny County discharging rule and dismissing relator's petition for writ of habeas corpus.

On October 27, 1938, relator was sentenced by the Court of Oyer and Terminer of Allegheny County, on

four district attorney's "indictments" (Nos. 81, 82, 83, and 84, October Term, 1938), charging burglary and re ceiving stolen goods, prepared under the Act of April 15, 1907, P. L. 62, 19 PS 241, without presentation to the grand jury. Relator pleaded guilty in open court to the four bills; the pleas of guilty were endorsed on the indictments. The sentences imposed were from five to ten years on each bill of indictment, the same to run consecutively from April 15, 1938.

Relator, in his petition for writ of habeas corpus, set forth (1) that his signature does not appear on any of the indictments; and (2) that he was not accorded his constitutional right to be represented by and have the advice of counsel at the time of his plea and sentences.

It does not appear that the relator signed the plea of guilty endorsed on the indictments, but in his petition he concedes having signed a paper which he believes to have been a waiver. His plea was entered and endorsed on each bill.

We have previously stated that the better practice in connection with a district attorney's bill under the Act of April 15, 1907, P. L. 62, as amended by the Act of June 15, 1939, P. L. 400, 19 PS 241, is to have the defendant affix his signature or witnessed mark to the plea endorsed thereon. *Com. ex rel. Mayernick v. Ashe,* 139 Pa. Superior Ct. 421, 12 A. 2d 452; *Com. ex rel. Banky v. Ashe,* 142 Pa. Superior Ct. 396, 16 A. 2d 668; *Com. ex rel. Slifko v. Ashe,* 144 Pa. Superior Ct. 593, 20 A. 2d 799. See, also, form of endorsement suggested by the Supreme Court in *Com. ex rel. Moore v. Ashe,* 341 Pa. 555, 557, 19 A. 2d 734. But omission to have the bill signed by the defendant who entered the plea does not constitute a fatal defect, nullifying the sentence imposed thereon. *Com. ex rel. Banky v. Ashe,* supra, 142 Pa. Superior Ct. 396, 401, 16 A. 2d 668. Such a defect may be cured by subsequent proceedings in open court. It appears from the record that relator was there arraigned and pleaded guilty before Judge FRANK P. PATTERSON; the record

leaves no ground for uncertainty as to the crimes to which relator pleaded guilty in open court. *Com. ex rel. Moore v. Ashe,* supra, 341 Pa. 555, 560, 19 A. 2d 734.

In *Com. ex rel. Dende v. Ashe,* 144 Pa. Superior Ct. 598, 20 A. 2d 802, the validity of an indictment, closely analogous to those involved in the present case, was questioned. In that case, as in the one before us, the indictment had not been signed by the district attorney; the endorsements containing the plea of guilty as provided by the Act of April 15, 1907, P. L. 62 (identical in form with the endorsement in the present case), were not signed by the defendants or attested by the clerk. The authentication appearing upon the indictment consisted of the initial of the judge who imposed the sentences, written beneath the sentences endorsed on the back of the indictment. We affirmed the orders of the court below refusing to discharge defendants on writs of habeas corpus, and remanding them to the custody of the warden of the penitentiary. In the present case the docket entries show that appellant pleaded guilty before Judge PATTERSON to four bills on which he was sentenced, and in addition an application for clemency, addressed to the Board of Pardons and signed and sworn to by relator on February 8, 1946, indicates that he had a substantial understanding of the crimes charged, and contains no suggestion that he then considered himself innocent of any part thereof. In fact, relator does not now assert that he is innocent of all the crimes charged in the indictments, or that he failed to understand the nature of the offenses to which he pleaded guilty. See *Com. ex rel. Shaw v. Smith,* 147 Pa. Superior Ct. 423, 425, 24 A. 2d 724. His present assertion that he intended to enter only a single plea of guilty and not separate pleas of guilty to each of the bills of indictment cannot be used to set aside the legal consequences of his recorded pleas. *Com. ex rel. Kuklich v. Baldi,* 150 Pa. Superior Ct. 390, 28 A. 2d 496. Moreover, he has not undertaken to specify to which of the offenses charged his plea of guilty was confined, and, in his petition for writ of habeas corpus,

states that he "pleaded guilty before the Hon. FRANK P. PATTERSON, trial judge, to four indictments charging burglary."

Relator's second contention is that he was not accorded his constitutional right to be represented by and have the advice of counsel, that he was not advised by the court of this right, and that no offer was extended to supply counsel. In *Com. ex rel. Shaw v. Smith,* supra, 147 Pa. Superior Ct. 423, 24 A. 2d 724, the petition for the writ of habeas corpus set forth similar grounds for discharge. We there held that the relator was not deprived of any fundamental right guaranteed by the Constitution of this Commonwealth or by the Federal Constitution.

(1) Article 1, section 9, of the Pennsylvania Constitution, PS, guarantees to accused persons only the right to be "heard by . . . counsel." *Com. ex rel. McGlinn v. Smith,* 344 Pa. 41, 48, 24 A. 2d 1.

(2) In capital crimes only, it is provided by statute that "learned counsel" shall be "assigned to the prisoners" upon all trials. Act of May 31, 1718, 1 Sm. L. 105, section 4, 19 PS 783, and Act of March 22, 1907, P. L. 31, section 1, 19 PS 784.

(3) Failure of the court to inquire whether the defendant desires counsel or to offer to appoint counsel in other than capital cases does not constitute the deprivation of a fundamental right guaranteed by the Constitution of this Commonwealth, where the defendant enters a plea of guilty either to a bill of indictment returned against him by the grand jury (*Com. ex rel. Shaw v. Smith,* supra, 147 Pa. Superior Ct. 423, 424, 24 A. 2d 724), or to a district attorney's bill prepared under the Act of April 15, 1907, P. L. 62, 19 PS 241 (*Com. ex rel. Slifko v. Ashe,* supra, 144 Pa. Superior Ct. 593, 595, 20 A. 2d 799; *Com. ex rel. Withers v. Ashe,* 350 Pa. 493, 495, 39 A. 2d 610).

(4) The Sixth Amendment to the Federal Constitution giving to an accused in all criminal prosecutions the right to have the assistance of counsel for his defense

applies only to trials in the Federal courts. *Betts v. Brady,* 316 U. S. 455, 461, 62 S. Ct. 1252, 86 L. Ed. 1595, 1601; *Com. ex rel. McGlinn v. Smith,* supra, 344 Pa. 41, 45, 24 A. 2d 1, 3.

(5) The Fourteenth Amendment to the Federal Constitution relating to due process does not impose upon the states any uniform policy concerning representation by counsel in criminal cases; and it cannot be said that the amendment embodies an inexorable command that no trial for any offense, or in any court, would be fairly conducted and justice accorded a defendant who is not represented by counsel. *Betts v. Brady,* supra, 316 U. S. 455, 473, 62 S. Ct. 1252, 86 L. Ed. 1595, 1607; *Com. ex rel. McGlinn v. Smith,* supra, 344 Pa. 41, 49, 58, 24 A. 2d 1; *Com. ex rel. Shaw v. Smith,* supra, 147 Pa. Superior Ct. 423, 433, 24 A. 2d 724; *Mayo v. Wade,* 5 Cir., 158 F. 2d 614. See, also, *Foster et al. v. Illinois,* 332 U. S. 134, 67 S. Ct. 1716, 91 L. Ed. 1542; *Gayes v. New York,* 332 U. S. 145, 67 S. Ct. 1711, 91 L. Ed. 1549.

*De Meerleer v. People of the State of Michigan,* 329 U. S. 663, 67 S. Ct. 596, 91 L. Ed. 471, recently decided by the United States Supreme Court, to which reference is made by relator, is not applicable or controlling, as relator was not charged with a capital crime. It was there held that a seventeen-year-old defendant on trial for murder was deprived of his rights essential to a fair hearing under the Federal Constitution where at no time was assistance of counsel offered or mentioned to him, where he was never advised of his right to counsel, and where he was not apprised of the consequences of his plea.

Relator was not entirely ignorant of criminal procedure. In 1937 he had been arrested in Pittsburgh for burglary and larceny, and sent to Thorn Hill School where he was confined for ten months. This fact he admits in his application to the Board of Pardons, and it is not consistent with the statement in his brief as to his first appearance in criminal court.

Order is affirmed.