## Commonwealth ex rel. Swieczkowski, Appellant, *v.* Burke.

Argued March 23, 1953. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, GUNTHER and WRIGHT, JJ.

*Henry M. Irwin,* with him *Donahue, Irwin & Gest* and *Walter Swieczkowski,* in propria persona, for appellant.

*Martin Vinikoor,* Assistant District Attorney, with him *Samuel Dash,* Assistant District Attorney, *Michael von Moschzisker,* First Assistant District Attorney, *Malcolm Berkowitz,* Assistant District Attorney, and *Richardson Dilworth,* District Attorney, for appellee.

OPINION BY ROSS, J., July 14, 1953:

On December 26, 1939 the relator, Walter Swieczkowski, pleaded guilty in the Court of Quarter Sessions for Philadelphia County to five bills of indictment, Nos. 579 to 583 inclusive, December Sessions, 1939. The several indictments charged relator with assault and battery with intent to ravish and attempted rape upon the persons of two minor females; with taking a female child under the age of sixteen years for the purpose of sexual intercourse, and inveigling and enticing the same for said purpose; and with sodomy upon each of the two children.

The relator was sentenced to serve the following terms in New Eastern State Penitentiary: On Bill No. 579 (assault and battery with intent to ravish and attempted rape), 2½ to 5 years, to be computed from December 18, 1939; on Bill No. 582 (sodomy) 5 to 10 years, to commence after sentence on Bill No. 579; and on Bill No. 583 (sodomy), 5 to 10 years, to commence after sentence on Bill No. 582.

Relator served his minimum term, 12½ years, and made application to the Pennsylvania Board of Parole

for parole. The application was refused on May 7, 1952. Thereafter, on September 12, 1952, the instant petition for a writ of habeas corpus was filed in the Court of Common Pleas No. 2 of Philadelphia County.

In the petition the relator sought release from custody on the ground that he "should not have been permitted to plead guilty without an offer of the advice of counsel" because he was "inexperienced with the intricacies of criminal procedure". He complains that the record "shows no attempt on the part of the court to make him understand the consequences of his plea". The relator sees himself prejudiced by the absence of counsel at sentencing because such counsel might have "induced the court to accept a plea to a lesser included offense by showing the court that the persons had accosted the defendant first, that at no time had the defendant forced any one into submission".

On September 23, 1952 a rule was granted on the District Attorney and a hearing was held on that rule on October 10, 1952, at which time the relator testified that when he pleaded guilty he "didn't realize the seriousness of it all"; that he was "advised by the police of Philadelphia to go in and plead guilty and by doing so that I would get a lighter sentence"; and that "If counsel was appointed to me at that time I think that I could have gotten a lighter sentence". Relator did not deny his guilt. He also admitted a record of two previous convictions for sex offenses—"assault on female minor" in 1919 and in 1936 in Maryland. Sentence on the 1919 conviction was three months and on the second conviction one year and a $500 fine.

The court dismissed the petition, and this appeal by relator followed. The order of the court below will be affirmed.

"To invalidate a plea of guilty in noncapital cases by reason of denial of due process arising from failure to provide a prisoner with counsel by the courts of this Commonwealth, the prisoner must establish that for want of benefit of counsel an ingredient of unfairness actively operated in the process that resulted in his confinement. Foster v. Illinois, 332 U. S. 134, 137, 67 S. Ct. 1716, 91 L. Ed. 1955, 1958; Quicksall v. Michigan, 339 U. S. 660, 70 S. Ct. 910, 94 L. Ed. 1188. In determining whether that ingredient exists, each case depends on its own facts. Uveges v. Pennsylvania, supra, 335 U. S. 437, 69 S. Ct. 184, 93 L. Ed. 127." *Com. ex rel. Popovich v. Claudy,* 170 Pa. Superior Ct. 482, 486, 87 A. 2d 489; *Com. ex rel. Uhler v. Burke,* 172 Pa. Superior Ct. 108, 114, 91 A. 2d 913.

Youth, lack of education, inexperience with the intricacies of criminal procedure, improper conduct on the part of the court or prosecuting officials and the complicated nature of the offense charged may, in some combination, constitute the "ingredient of unfairness" which renders the absence of counsel at sentencing a denial of due process. *Uveges v. Pennsylvania,* 335 U. S. 437, 441, 69 S. Ct. 184, 93 L. Ed. 127. In this case the record either fails to disclose or directly negatives the existence of any of these factors. No man who was convicted of a sex crime in 1919 and again in 1936 is either youthful or inexperienced with the intricacies of criminal procedure in 1939. There is nothing in the record to indicate that the conduct of the court or prosecuting officials was anything but correct. That the relator is without education, if such be the fact, is, of course, of itself of minor importance to the issue under discussion.

Relator complains that the "police of Philadelphia" advised him that he would get a lighter sentence if he pleaded guilty. This complaint is vague, it is made

after 12½ years of silence and was not made in the petition for writ of habeas corpus. Even assuming, however, that relator was so advised, there is nothing to show that the advice was not sound. Relator pleaded guilty to the charges contained in five indictments and even now does not deny his guilt. Sentence was imposed on only three indictments. He received a sentence well within the cumulative minimum and maximum sentences which could have been imposed as the result of his plea.

Relator contends that he might have received a lighter sentence if he had been represented by counsel at sentencing. He fails, however, to mention a single mitigating circumstance which counsel could have called to the attention of the sentencing judge.

Order affirmed.