MANN, Judge
(dissenting).
Jackson’s petition for post-conviction relief alleged that he was without counsel during his trial in 1956 for murder in the second degree. He states that his waiver of counsel was not a valid waiver “in that it was made in fear and ignorance and was not made with a full understanding of the nature and consequences of such waiver.” He had an eighth grade education, and his reading comprehension even now is appropriate to the fifth grade. He states that he “could never establish any meaningful rapport with the counsel assigned. He was afraid of him. Movant misunderstood counsel’s role in the adversary proceeding. He placed the appointed attorney as being an enemy associated with the police and prosecution. The trial judge made no effort to determine the reason for the mov-ant’s waiver of counsel. The Court made no effort to inform movant about an adversary proceeding or that an attorney is required by oath to defend the accused to the best of his ability.”
*907 The Circuit Judge, after examining the record, denied the petition summarily.
Apparently Jackson’s court-appointed counsel had, during voir dire examination of prospective jurors, referred to the homicide as occurring in October. Here is what the record shows:
“DEFENDANT: (Interrupting) It was on the 29th day of September. It was not in October. (Standing up)
MR. FINCH: Be quiet.
THE COURT: Sit down, boy[1]
DEFENDANT: I don’t want him to represent me nohow.
MR. FINCH: I will be perfectly willing
DEFENDANT: I don't want you to represent me nohow.
THE COURT: Sit down, boy. We will take care of it.
DEFENDANT: I don’t want him to represent me nohow.
DEFENDANT: No, sir, I don’t want him to represent me. It happened on the last day of September. I don’t want him to represent me. I don’t need no representation nohow.
THE COURT: All right, Mr. Finch. You don’t have to represent him.
DEFENDANT: I don’t want you to represent me.
MR. FINCH: Sit down.
MR. DAVIS: I will be glad to explain to the jury—
THE COURT: Gentlemen, this boy,— you be quiet. I don’t understand your tirade. Mr. Finch volunteered to represent this boy when I asked somebody to represent him. He did not have any money. I asked Mr. Finch if he would take the case and defend him and see he got a fair trial. I was trying to help the boy. Mr. Finch was trying to help the boy. He did not have a lawyer and he wanted one at the time so Mr. Finch very kindly agreed to help him without cost. Mr. Finch was doing this from his own good motives. He was not to be compensated for it. He was doing it free. So this outburst of this defendant, do not let it in any way prejudice you against Mr. Finch because he was doing his duty as an officer of this court. I asked him to do it. I hope that explains it to you. All right, we will go to trial without Mr. Finch. Thank you, Mr. Finch.
THEREUPON MR. FINCH WITHDREW FROM THE COURT ROOM.
THE COURT: Gentlemen, the fact that this defendant made this violent outburst here at this time, I trust you can lay aside that. We are going to try him for the crime he is charged with, killing this person mentioned in the Information as Anthony Gillenwater. The fact that he has refused the services of his attorney appointed by the Court, I do not want you to let that interfere with your deliberations in this matter. You will so try this defendant upon the evidence that comes to you from the witness stand and the law as I give it to you in charge without prejudice or bias, and you will do that, will you? All right, Willie, do you want to ask the jury any questions ?
DEFENDANT: I haven’t any question to ask.
THE COURT: You have the right to excuse any of those men. If you do not like the looks of any of those men you can excuse any of them.
DEFENDANT: I will excuse all of them. What kind of questions are there to ask? Any person in the court room that was on the scene when the fight was—
THE COURT: They are not witnesses.
*908 DEFENDANT: I don’t need any of those. That happened down in the colored community, in colored town. Nobody on the scene but me and this fellow.
THE COURT: Those men are jurors.
DEFENDANT: I don’t need any of them. They don’t live in colored town.
THE COURT: They are not going to testify.
DEFENDANT: That makes no difference. They don’t live in colored town. Nobody is pressing any charge. Nobody is being prosecuted. I have been in jail nine months.
THE COURT: Sit down, Willie. All right, swear the jury, Mr. Clerk.”
Even before the overruling of Betts v. Brady[2] by Gideon v. Wainwright[3] an ignorant defendant charged with serious crime had a constitutional right to counsel,[4] which cannot lightly be held to have been waived.[5]
This court has disapproved proceeding without counsel where the defendant is not apprised of the consequences.[6] Denial of the petition without evidentiary hearing was error.[7] If the State has no evidence of intelligent waiver except that quoted here it ought to consent to give Jackson a new trial before these proceedings are protracted further.

. Mr. Jackson was thirty-six years of age at the time of the trial.

. 1941, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595.

. 1963, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799.

. Gibbs v. Burke, 1949, 337 U.S. 773, 69 S.Ct. 1247, 93 L.Ed. 1686; Uveges v. Pennsylvania, 1948, 335 U.S. 437, 69 S.Ct. 184, 93 L.Ed. 127; Annotation, 93 L.Ed. 137.

. Johnson v. Zerbst, 1938, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461.

. Donald v. State, Fla.App.2d 1964, 166 So.2d 453.

. King v. State, Fla.App.2d 1963, 157 So.2d 440.