# Commonwealth *v.* Quinn, Appellant.

*Criminal law—Indictment—Larceny—Larceny by bailee—Receiving stolen goods—Practice, Q. S.*

1. Counts charging larceny by bailee, larceny, and receiving stolen goods, may all be joined in one indictment, and a conviction on a count charging larceny by bailee will be sustained although the jury rendered a verdict of acquittal on the other two counts.

*Appeals—Assignments of error—Paper-books.*

2. Where on an appeal in a criminal case the charge and the evidence are not printed in the appellant's paper-book, assignments of error relating to the charge of the court will not be considered if the appellate court cannot dispose of the case on the merits, without having the charge and the evidence before it.

Argued March 17, 1910. Appeal, No. 8, Oct. T., 1910, by defendant, from judgment of Q. S. Bucks Co., Sept. Sessions, 1909, No. 31, on verdict of guilty in case of Commonwealth v. Mary Louisa Quinn. Before RICE, P. J., HENDERSON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Indictment for larceny as bailee, etc. Before STOUT, P. J. The opinion of the Superior Court states the case.

*Errors assigned* were (1) in passing sentence under the conviction; (2, 3) in not instructing the jury as to certain matters deemed important by appellant's counsel

*John L. Dubois,* for appellant.

*Wm. C. Ryan,* district attorney, with him *Yerkes, Ross & Ross,* for appellee.

PER CURIAM, April 18, 1910:

The indictment contained three counts, the first drawn under sec. 108 of the act of March 31, 1860, 382, and charging the offense commonly called larceny by bailee, and the second and third charging larceny and receiving stolen goods. Each of the counts was well drawn, they all relate to the same property and were properly joined in the indictment: Henwood v. Com., 52 Pa. 424. The form of the verdict as set forth in the appellant's paper-book was: "First count, larceny by bailee, guilty; second count, larceny, not guilty; third count, receiving stolen goods, not guilty." This leaves no room for doubt or quibble as to the crime of which the jury found the defendant guilty. It was the crime charged in the first count of the indictment and it needs no argument to show that there was no repugnancy between an acquittal of the larceny charged in the second count and a conviction of the crime charged in the first count. The first assignment is overruled. The other two assignments relate to the charge of the court and are of such a nature that they cannot be considered and disposed of on the merits without having the charge and the evidence before us. As these are not printed in the appellant's paper-book, the assignments are dismissed.

The judgment is affirmed and the record is remitted to the court of quarter sessions of Bucks county, to the end that the sentence be fully carried into effect.