Commonwealth ex rel. Warner *v.* Ashe, Warden.

PER CURIAM, June 24, 1940:

There is no merit in this petition for writ of habeas corpus.

The relator was convicted in Lackawanna County (228 December Term, 1920) of the larceny of an automobile, under the Act of May 1, 1919, P. L. 99, and was sentenced on November 11, 1920 to imprisonment in the Eastern State Penitentiary for not less than three years nor more than ten years, and was committed to the penitentiary on March 12, 1921. He was legally transferred to the Western State Penitentiary on June 9, 1921 and released on parole on March 11, 1924. While on parole he was convicted of larceny in the State of Indiana and sentenced, on June 16, 1924, to serve not less than one year nor more than ten years in the Indiana Reformatory. He was released on September 14, 1925 and taken into custody by an officer of the Western State Penitentiary, and was returned to the penitentiary on September 15, 1925 to serve the unexpired term of his maximum sentence of ten years, without commutation (*Com. ex rel. Meinzer v. Smith*, 118 Pa. Superior Ct. 250, 180 A. 179).

He was granted a hearing before the Board of Trustees of the penitentiary on October 1, 1925 and was informed at that time that under section 10 of the Parole Law (Act of June 19, 1911, P. L. 1055, as amended by Act of June 3, 1915, P. L. 788) he would be required to serve six years and eight months, the full unexpired portion of his original sentence, or until May 14, 1932, because of his conviction of a crime during the period of his parole.

On December 16, 1931, he escaped from the Rockview branch of the Western State Penitentiary in Centre County. He was apprehended the same day and on December 22, 1931, he pleaded guilty in the Court of Quarter Sessions of Centre County, to an 'indictment' prepared by the District Attorney under the Act of April 15, 1907, P. L. 62, without being submitted to a grand jury,— which was waived by him—and pursuant

to section 3 of the Criminal Code of 1860, P. L. 382, he was sentenced to imprisonment in the Western State Penitentiary for the same period of time as had been fixed in the original sentence, by virtue of which he was imprisoned when he escaped, to wit, not less than three years nor more than ten years, to be computed from the expiration of his original sentence in Lackawanna County. The Act of April 15, 1907, P. L. 62 is constitutional: *Com. ex rel. Wheeler v. Francies,* 250 Pa. 496, 95 A. 527.

He was paroled on July 20, 1936, and on January 28, 1937, during the period of his parole, was convicted, and sentenced by a judge of the Dubois County Circuit Court of Indiana to serve six months in the Indiana State Farm at Greencastle, Indiana, for the fraudulent disposal of a motor vehicle.

On June 14, 1937 he was taken into custody as a parole violator by an officer of the Western State Penitentiary and returned there on June 15, 1937, to serve the full unexpired term, without commutation, of the maximum sentence of ten years imposed in Centre County.

He was granted a hearing before the Board of Trustees of the penitentiary on September 7, 1937 and informed that in accordance with the provisions of section 10 of the Parole Law aforesaid, (amended by Act of June 22, 1931, P. L. 862), he would be required to serve the full unexpired portion of his maximum sentence,— that is, five years and ten months, or until April 14, 1943, because of his conviction of crime in a court of record during the period of his parole.

On February 6, 1940 he appeared again before the Board of Trustees of the Penitentiary and was correctly informed that it had no authority under the law to recommend him for another parole. See *Com. ex rel. Meinzer v. Smith,* supra, and *Com. ex rel. Kent v. Smith,* 323 Pa. 89, 186 A. 812. The case of *Narcise v. Board of*

*Trustees, Eastern State Penitentiary,* 137 Pa. Superior Ct. 394, 9 A. 2d 165, has no application to his case, as the Parole Law above referred to provides that he shall have no commutation from his maximum sentence, because of his conviction of crime during his parole period.

Relator's sentences for larceny of an automobile in 1920 and for his escape in 1931, were not affected in any way by the fact that by the Criminal Code of 1939, P. L. 872, sec. 810, the maximum imprisonment for larceny of a motor vehicle is fixed at five years, instead of ten years as provided in the Act of 1919, supra; any more than they would have been affected if the Criminal Code of 1939 had increased the maximum penalty from ten to fifteen years.

For many years it has been recognized that the punishment for horse stealing (see Criminal Code of 1860, sec. 105, and Criminal Code of 1939, sec. 809), or for stealing a motor vehicle, because of the nature of the article stolen and the facility of escape which it affords the thief, should be greater than for ordinary larceny.

The rule to show cause why a writ of habeas corpus should not issue is discharged and the writ is denied.