Commonwealth ex rel. Swisher *v.* Ashe, Warden.

Argued March 13, 1941.

Before KELLER, P. J., CUNNINGHAM, STADTFELD, RHODES and HIRT, JJ.

*Herbert L. Maris*, for relator.

*Louis L. Kaufman*, with him *Andrew T. Park*, District Attorney, and *George F. P. Langfitt*, First Assistant District Attorney, for Commonwealth.

OPINION BY CUNNINGHAM, J., July 18, 1941:

No facts are in issue in this habeas corpus proceeding. The relator is now confined in the Western Penitentiary by virtue of a commitment upon a sentence,

pronounced against him on October 6, 1937, by the Court of Quarter Sessions of Allegheny County at No. 724 September Sessions, 1937, of "not less than five years or more than ten years" from August 16, 1937, following the rendition against him by a jury of a verdict of guilty under an indictment in which he was charged, along with another, with having *attempted* to steal a Buick automobile, the property of one William E. Cooms.

At the time relator's petition was filed, January 6, 1941, he had served three years and nearly five months. His contention is that the period he has already served is in excess of any permissible maximum sentence for attempting to steal an automobile and he is, therefore, entitled to be unconditionally discharged from custody.

The representatives of the Commonwealth concede that when the sentence now in question was pronounced there was in this state no statutory enactment under which it could be sustained, and submit for our determination the controlling legal proposition—what is the longest maximum sentence to which any person found, or pleading, guilty of having attempted to steal a motor vehicle may be sentenced?

For reasons hereinafter stated we do not agree with the contention advanced in behalf of the relator that the maximum should not exceed two years.

As a matter of background, it may be noted that ever since 1790 our criminal statutes have provided a more severe maximum penalty for the completed offense of stealing a horse than for the larceny of other chattels.

The maximum term for ordinary common law larceny provided by Section 3 of the Act of April 5, 1790, 2 Smith Laws 531, Chapter 1505 was three years, and this limitation was preserved in our Penal Code of March 31, 1860, P. L. 382, Section 103, 18 PS § 2771, which remained effective until the adoption of the 1939 Code. On the other hand, the maximum sentence for horse stealing was fixed at seven years by the same

section of the Act of 1790 and this was subsequently increased to ten years by Section 105 of the Code of 1860, 18 PS § 2773.

By 1919 the horse had been largely superseded by the automobile and our legislature, by the Act of May 1, 1919, P. L. 99, Section 1, 18 PS § 2774, provided, inter alia, that the stealing of any motor vehicle should subject the thief to a maximum penalty of a fine not exceeding $5,000 and imprisonment not exceeding ten years. The reason for the increased severity in the maximum punishment was thus pointed out in *Com. ex rel. Warner v. Ashe, Warden*, 140 Pa. Superior Ct. 496, 499, 14 A. 2d 460, "For many years it [had] been recognized that the punishment for horse stealing . . . . . ., or for stealing a motor vehicle, because of the nature of the article stolen and the facility of escape which it affords the thief, should be greater than for ordinary larceny."

It is also interesting to note, in passing, that the Penal Code of 1939, (Act of June 24, 1939, P. L. 872, 18 PS §§4101 et seq.) which is not applicable to the present case, as it was passed subsequent to the commission of the offense, provides identical maximum terms of imprisonment (i. e., five years) for ordinary larceny (Section 807, 18 PS §4807) larceny of a horse (Section 809, 18 PS §4809) and larceny of a motor vehicle (Section 810, 18 PS §4810).

Unfortunately, the legislature, when it prescribed an increased maximum punishment for the completed offense of stealing a motor vehicle, neglected to insert any provision in the statute relative to the punishment which could be inflicted upon a person who was apprehended in the act, or for any reason failed to complete the intended theft.

Moreover, we have found no express statutory provision prescribing the punishment for an *attempt* to steal an ordinary chattel, or a horse.

For that reason, the general provisions of Section 50

of our Criminal Procedure Act of March 31, 1860, P. L. 427, 442, 18 PS §3691, intended to "facilitate the conviction of offenders" (*Com. v. George*, 12 Pa. Superior Ct. 1, 7) are of but slight assistance in our present inquiry. It reads: "If on the trial of any person charged with any felony or misdemeanor, it shall appear to the jury upon the evidence, that the defendant did not complete the offense charged, but was guilty only of an attempt to commit the same, such person shall not by reason thereof be entitled to be acquitted, but the jury shall be at liberty to return, as their verdict, that the defendant is not guilty of the felony or misdemeanor charged, but is guilty of an attempt to commit the same; and thereupon such person shall be liable to be punished *in the same manner* as if he had been convicted upon an indictment for *attempting* to commit the particular felony or misdemeanor charged in the indictment. ......" (Italics supplied.)

Here, however, the relator was *indicted* "for attempting to commit the particular felony," but the legislature has failed to prescribe a specific punishment for such attempt.

It seems to us that the present situation is clearly analogous to the problem with which we were confronted in *Com. v. Orris*, 136 Pa. Superior Ct. 137, 7 A. 2d 88. There, the legislature by the amendment of May 19, 1887, P. L. 128, to Section 91 of the Penal Code of March 31, 1860, P. L. 382, 18 PS §2261, had made "something felonious rape which before was not rape, either at common law or by statute"—consensual sexual intercourse by a male above sixteen years of age with a female above the age of ten and under sixteen—and provided the punishment therefor, but did not enact that an *attempt* to commit this new felony should subject the offender to any prescribed punishment. The defendant, Orris, was charged in an indictment containing a single count with statutory rape. The evidence for the Commonwealth showed an unsuccessful attempt upon his part

to perpetrate the offense. The trial judge instructed the jurors that if they believed the evidence for the Commonwealth they could, under the provisions of the above quoted Section 50 of our Criminal Procedure Act, convict the defendant of an attempt to commit rape. That verdict was returned and the defendant sentenced to a term of not less than eighteen months nor more than three years. We sustained the judgment upon the ground that the defendant could have been indicted and convicted at common law for the attempt shown by the evidence.

See also *Com. v. DeGrange,* 97 Pa. Superior Ct. 181, where, upon the same principle, a conviction was sustained for an indecent assault, although our Penal Code, contained no provision defining, or prescribing a punishment for, that offense.

In one respect the matter at bar is clearer than the Orris case. The Act of 1919 did not create a new felony; it merely increased the punishment for the felonious taking of a particular class of chattels; the theft of a motor vehicle prior to 1919 would have been larceny just as much as it was thereafter.

There are indications in our Penal Code of 1860 of a legislative intent to punish attempts with less severity than is prescribed for the completed offense. For example, rape, both common law and statutory, is punishable by a maximum term of fifteen years under Section 91, 18 PS §2261, but assault and battery with intent to ravish is only a misdemeanor with a maximum term of imprisonment of five years (Section 93, 18 PS §2263). Under the Code of 1939 that offense is a felony, but the maximum term remains at five years, 18 PS §4722.

In our opinion, we here have a situation to which Section 178 of the Penal Code of 1860, 18 PS §3741, referred to in the Orris and DeGrange cases as a "saving section" with respect to offenses not specifically mentioned in the Code but indictable at common law,

is applicable. It reads: "Every felony, misdemeanor or offense whatever, not especially provided for by this act, may and *shall be punished as heretofore."* (Italics supplied.)

We think it beyond question that an attempt to steal any chattel was indictable at common law. "All such crimes as especially affect public society are indictable at common law. The test is not whether precedents can be found in the books, but whether they injuriously affect the public police and economy": *Com. v. McHale,* 97 Pa. 397, 410.

See also *Com. v. Flaherty,* 25 Pa. Superior Ct. 490, 494, where it was said that "when a specific punishment is not prescribed it is uniformly and universally understood to be that annexed to common-law misdemeanors, viz: fine and imprisonment: 7 Smith Laws 713."

The contention on behalf of relator that the sentence for an attempted larceny cannot exceed a maximum of two years is based upon the Act of April 5, 1790, 2 Smith Laws 531, 533, abolishing corporal punishments, branding, whipping, mutilation, placing in the pillory, etc., and substituting therefor imprisonment at hard labor "for any term not exceeding two years." The Commonwealth replies that if that statute has any application the maximum term of imprisonment was increased to seven years by the amendatory Act of April 4, 1807, 4 Smith Laws 393. Counsel for relator rejoins that the amendment cannot apply here because it would make it possible for a court to punish an attempt more severely than the consummated offense, in violation of the principle of law established by such cases as *Rogers v. The Commonwealth,* 5 S. & R. 463; *Scott v. The Commonwealth,* 6 S. & R. 224; and *Com. ex rel. Case v. Smith, Warden,* 134 Pa. Superior Ct. 183, 188, 3 A. 2d 1007.

We think the inapplicability of either statute to the present case is demonstrated by the opinion of Mr. Justice DUNCAN in *Rogers v. The Commonwealth,* supra. The defendant there was convicted of an assault with

intent to steal—the practical equivalent of attempted larceny—and sentenced to two years' imprisonment at hard labor. In construing the pertinent sections of the two acts the writer of the opinion said: "It was the intention of the legislature to abolish whipping and the pillory, by the substitution of confinement at hard labor; to subject to this punishment all those who were before the subjects of corporal punishments. If an unexecuted attempt to steal could be punished by confinement for seven years at hard labor, then the intention to commit larceny is considered as a higher and more aggravated offense than its perpetration, and is punished with heavier penalties, for larceny itself cannot be punished by a confinement longer than three years . . . . . . It never could be the intention of the legislature to punish with greater severity an abortive attempt, than a successful issue, or leave it in the power of the court to do so."

Neither at common law nor under the Penal Code in effect when relator committed his offense could any offender have been sentenced for the actual commission of ordinary larceny to a maximum term of imprisonment longer than three years.

Our conclusion is that as the law stood when the relator was sentenced the maximum term of imprisonment to which he could legally be sentenced was three years. As he has served more than that period of time, he is entitled to be unconditionally discharged.

It is so ordered.