UNITED STATES ex rel. KENNEDY v. BURKE.

No. 9782.

United States Court of Appeals Third Circuit.

Submitted Dec. 10, 1948.

Filed Feb. 8, 1949.

---

Appellant was not represented by counsel.

John E. Stevenson, Sp. Deputy Atty. Gen., of Pennsylvania, for appellee.

Before BIGGS, Chief Judge, and McLAUGHLIN and O'CONNELL, Circuit Judges.

BIGGS, Chief Judge.

It appears from the record and from various public records of which judicial notice may be taken[1] that Kennedy, the petitioner for habeas corpus in the court below, a layman, then about twenty-six years of age and already possessing a criminal record, was arrested in Harrisburg, Pennsylvania, on March 17, 1939 by Joseph H. Rineer of the Bureau of Police of Harrisburg on charges of attempted larceny by trick and obtaining money or property by false pretense. It appears from an affidavit filed by Rineer which formed the basis for Kennedy's arrest that the latter on March 16, 1939 had procured $2.50 from a local merchant by means of a check, perhaps forged, and that on the following day he had made two attempts to obtain money or property valued at $16.00 and $5.10 by trick or false pretense from the same merchant. It would appear that in fact he had attempted to secure the amounts stated by two other checks probably of a character like that of the check first referred to. Kennedy was held for trial and committed to jail in default of bail. On arraignment he pleaded guilty to three indictments, or complaints, containing in all six counts, prepared by the District Attorney "before bill found" in the Quarter Sessions Court of Dauphin County Pennsylvania.[2] These indictments were numbered respectively 225, 226 and 227, March Term, 1939.

The indictment at No. 225 charged Kennedy with larceny by trick and with receiving stolen goods; that at No. 226 charged him with larceny by trick, with larceny by bailee, and with receiving goods; the indictment at No. 227 charged him with obtaining money or property by false pretenses. There is no suggestion in the facts that Kennedy was guilty of receiving

---

[1] Uncertified copies of some of these documents have been procured and are presently included in the file. They were not introduced in evidence in the court below. It is probable that upon remand the parties may be able to stipulate as to the accuracy of the facts contained therein.

[2] Under the law of Pennsylvania as it then existed, pursuant to the Act of April 15, 1907, P.L. 62, § 1, 19 P.S.Pa. § 241, it was provided that any person who was charged with the commission of a crime (with certain exceptions not here pertinent) and who was willing to plead guilty should notify the District Attorney to such effect, and that the latter should at once prepare " * * * a bill of indictment, in the usual form * * *" covering the offense and that the accused person could then plead guilty to the charge. We think the quoted words "before bill found" indicate that the procedure of the statute was followed.

stolen goods or of larceny by bailee. As to permissible joinder of counts in an indictment under the law of Pennsylvania see 19 P.S.Pa. § 411. The statute referred to provides in pertinent part that in every indictment for larceny it shall be "lawful to add a count for feloniously receiving * * * property * * *" though the defendant may be sentenced on only one count. Under a decision of the Superior Court of Pennsylvania, Commonwealth v. Quinn, 42 Pa.Super. 490, a count for larceny properly may be joined with counts for larceny by bailee and for receiving stolen goods.

Kennedy pleaded guilty to all the indictments and apparently to every count thereof. The Dauphin County Court imposed on Kennedy, on the indictment at No. 225, a sentence of imprisonment from one and a half to three years. Imprisonment of three years was the maximum imprisonment prescribed by law. See 18 P.S.Pa. § 2771. On the indictment at No. 226 the court imposed a like sentence of imprisonment but provided that the sentence should be served consecutively to the term of imprisonment imposed at No. 225. Pennsylvania, except in specific instances not here pertinent, has not made attempts statutory crimes. See Commonwealth ex rel. Swisher v. Ashe, 145 Pa.Super. 454, 456, 21 A.2d 479, 480. But 18 P.S.Pa. § 3691 provided that a person indicted for a completed offense may be convicted of an attempt if the proof falls short of showing a completed crime but will sustain a conviction for an attempt.[3] The court suspended sentence on the indictment for the completed offense at No. 227 which covered the charge of obtaining money by false pretenses. Rineer appears on each indictment as the sole witness.

Kennedy was incarcerated in the Eastern State Penitentiary and served the maximum sentence imposed at No. 225, viz., three years. He was then paroled under the sentence at No. 226. He went to New York and there committed a crime which constituted a violation of the terms of his parole.[4] He was returned to Pennsylvania as a parole violator and was confined again at the Eastern State Penitentiary to be imprisoned therein as a parol violator for a period of three years computed from August 21, 1946.

Kennedy filed a petition for habeas corpus with the Supreme Court of Pennsylvania. Acting pro se, he alleged that he had been denied his constitutional rights (1) because he had not been indicted by a grand jury but had been proceeded against under the Pennsylvania statute referred to in note 2 supra, (2) because he had not been represented by an attorney and had been misled by an assistant district attorney of Dauphin County into entering a plea of guilty believing that he would receive a light sentence in a "Mercy Court", and (3) because he was not credited properly with time served. On April 18, 1947 the Supreme Court of Pennsylvania denied him relief.[5] Thereafter Kennedy made application to the Supreme Court of the United States for certiorari, setting forth in his petition as grounds (1) and (2) as enumerated above. The Supreme Court of the United States denied the petition.[6] On August 5, 1948 Kennedy filed his petition for habeas corpus in the court below, alleging the same grounds for relief as had been asserted in his petition to the Supreme Court of Pennsylvania. The respondent, Burke, filed an answer setting up the sentences at Nos. 225 and 226, and Kennedy's breach of parole. Burke's answer makes no reference to the suspended sentence. The

---

[3] 18 P.S.Pa. § 3741 provides that "Every felony, misdemeanor or offense whatever, not especially provided for by this act [Act of March 31, 1860, P.L. 382, § 178] may and shall be punished as heretofore." This is a "saving" act, saving for punishment what in substance were crimes at common law not specifically made such by statute, including attempts.

[4] For the purposes of the instant case it is unnecessary to give the details of what transpired in New York.

[5] See Commonwealth ex rel. John E. Kennedy v. Burke, Warden, No. 442 Misc. Docket No. 8, the Supreme Court of Pennsylvania stating in its order, "Now, * * * on consideration of the petition, answers and the record, the rule is discharged."

[6] See 331 U.S. 842, 67 S.Ct. 1525, 91 L.Ed. 1853.

court below was of the opinion that it was bound by the decision of the Supreme Court of the United States [7] and dismissed the petition, certifying nonetheless that probable cause for an appeal existed. Kennedy appealed.

 We think that the order of the court below denying the writ must be reversed. It is settled that the doctrine of res judicata does not apply to a refusal to discharge a petitioner on writ of habeas corpus but that each application under what was R.S. § 761, now Section 2243 of Title 28 U.S.C.A. is to be disposed of in the exercise of a sound discretion. Salinger v. Loisel, 265 U.S. 224, 230, 44 S.Ct. 519, 68 L.Ed. 989; Wong Doo v. United States, 265 U.S. 239, 44 S.Ct. 524, 68 L.Ed. 999. The court below therefore was in error in concluding that it was bound by any prior decision.

From all of the foregoing it is apparent that the finder of facts could have found that Kennedy was in need of a lawyer and had none. It would appear that he was indicted on six counts under which he could have been sentenced to maximum penalties totaling eighteen years. In respect to the indictments at Nos. 225 and 226 because of the provisions of 19 P.S.Pa. § 411 Kennedy could not have been legally convicted or sentenced both for larceny by trick and for receiving stolen goods but it cannot be assumed that Kennedy was aware of this important fact. He could not have been lawfully convicted or sentenced both for larceny by trick and larceny by bailee but again it cannot be fairly presumed that he knew this. Kennedy lawfully could have been convicted and sentenced for larceny by trick or larceny by bailee or for receiving stolen goods but he could not have been legally convicted or sentenced on more than one of these charges. It cannot be supposed that he knew this. Kennedy may have been aware of the fact that pursuant to 18 P.S.Pa. § 3691 he could be convicted for an attempt as distinguished from a completed offense on an indictment that charged the latter but the indictments which confronted him at Nos. 225 and 226 charged him with five completed offenses as distinguished from attempts. In addition, as we have stated, he was indicted at No. 227 for a completed offense. Under these circumstances credence is added to the allegation of his petition, to paraphrase it somewhat, that he was induced to plead guilty at a "Mercy Court" for fear lest the full rigors of the law be visited upon him.[8] The respondent's answer does not deny the substance of this allegation. It seems to be a fact that Kennedy by virtue of the numerous counts in the three indictments was faced by a very intricate and complex legal situation arising under the laws of Pennsylvania, a situation with which he as a layman perhaps was scarcely competent to deal.

The indictments, as we have pointed out, charged Kennedy with completed offenses. From the form of the pleas and of the sentences at Nos. 225 and 226, it perhaps should be found that Kennedy pleaded guilty to completed offenses as charged and was sentenced as charged.[9] The record at best seemingly will support convictions for but a single completed offense and for two attempts. But the Dauphin County Court apparently sentenced the petitioner on these indictments for completed offenses and not for attempts.

 If this be so we would deem it sufficient to demonstrate Kennedy's need for counsel without regard for the other intricacies of pleading and practice with which he was faced. If the assumptions contained in the preceding para-

[7] See the transcript, p. 22.

[8] We take no stock in the extreme animadversions made by the petitioner that the Assistant District Attorney procured Kennedy's pleas of guilty through "* * * fraud and trickery * * *". It would seem, however, that Kennedy was treated somewhat severely, perhaps because of his previous criminal record.

[9] See the certified copies of the "Rec-

ords and Proceedings enrolled in the Court of Oyer and Terminer and Quarter Sessions, Docket Entry" at Nos. 225 and 226. See also the transcript of the sentences at Nos. 225 and 226, attached to the respondent's answer. It should be observed that by the terms of the sentences Kennedy, inter alia, was required to "* * * restore the property stolen * * *".

graph as to Kennedy's ignorance of the pleading and practice of the criminal law of Pennsylvania be found to be facts upon remand his need for an attorney would be doubly demonstrated. The respondent's answer does not assert that Kennedy understandingly waived the assistance of a lawyer. Indeed the facts may negative such a conclusion. While the petitioner is a man of some education and intelligence the question for decision by the court below upon remand will be whether Kennedy's situation was one in which fundamental fairness required that he be represented by counsel. If the answer be in the affirmative it will be necessary to conclude that he was denied due process of law.

The Supreme Court in Bute v. People of Illinois, 333 U.S. 640, 68 S.Ct. 763, dealing with the right of an accused to counsel in the State courts, held that whether the individual was denied due process of law must be decided in each case on the individual facts. Mr. Justice Burton held that simply because the record did not disclose any inquiry by the trial court as to Bute's desire for counsel he was not entitled to counsel as a matter of right in the absence of aggravating circumstances. Aggravating circumstances may be found to be present in the instant case. Compare the rule of the Bute case with that now applicable in all cases arising in the district courts of the United States as laid down in Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357. But see also Williams v. Kaiser, 323 U.S. 471, 65 S.Ct. 363, 89 L.Ed. 398; Tomkins v. Missouri, 323 U.S. 485, 65 S.Ct. 370, 89 L.Ed. 407; and in particular Rice v. Olson, 324 U.S. 786, 65 S.Ct. 989, 89 L.Ed. 1367. Compare Wade v. Mayo, 334 U.S. 672, 68 S.Ct. 1270, decided about two months after the Bute case.

In the more recent case of Uveges v. Commonwealth of Pennsylvania, 335 U.S. 437, 441, 69 S.Ct. 184, 185, it was expressly stated by Mr. Justice Reed, "Only when the accused refuses counsel with an understanding of his rights can the court dispense with counsel", citing Rice v. Olson, supra; Walker v. Johnston, 312 U.S. 275, 286, 61 S.Ct. 574, 85 L.Ed. 830; and Johnson v. Zerbst, supra. Thus, it would appear, that the rule for the necessity of counsel if due process is to be observed in the State courts is being brought into line with the rule applicable in federal tribunals.[10] Whether the petitioner was denied due process of law at his trials in the Dauphin County Court is a question which must be decided by the court below upon remand in the light of all the circumstances.

The petitioner has exhausted his State remedies. He asserts three grounds for relief in his petition to the court below. Two of these deal entirely with the application of principles of State law. But the remaining ground set up by him, in substance that he was induced in hope of mercy to plead guilty without counsel and did not understandingly waive his right to such assistance is an alternative ground and clearly raises a federal question. For this reason the Supreme Court of the United States and the Supreme Court of Pennsylvania could not have disposed of his petition to their respective jurisdictions purely on State grounds. The court below therefore was entitled to entertain jurisdiction. See Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572; Wade v. Mayo, supra, and Johnson v. Zerbst, supra.

It is not entirely clear from the record as to whether or not a writ of habeas corpus issued in the case at bar other than to permit the defendant to appear before the court below to present his own case. The court below seems to have been proceeding under a rule to show cause as to why the writ should not issue for no testimony was taken at the hearing. It will be appropriate to issue a writ of habeas corpus and to proceed to a hearing as to whether or not the petitioner should be discharged. This will afford the parties an opportunity to enlarge the record and to present the pertinent facts to the court below.

[10] For an interesting review of the subject prior to the decision in Uveges v. Pennsylvania, supra, see "The Right of Counsel Today", The Journal of Criminal Law and Criminology, Northwestern University Press, September-October 1948, Vol. XXXIX, at pp. 342 et seq.

The judgment of the court below will be vacated and the cause will be remanded with the direction to proceed as indicated in this opinion. In view of the fact that the petitioner's term will come to an end in August of this year and he may be engaged in serving a sentence not imposed upon him in accordance with law, to the end that justice may be accomplished more speedily we will direct the Clerk of this court to send down our mandate forthwith to the court below.