### UNITED STATES ex rel. KENNEDY v. BURKE, Warden.

#### No. 9945.

United States Court of Appeals, Third Circuit.

Submitted May 20, 1949.

Decided July 6, 1949.

O'CONNELL, Circuit Judge, dissenting.

———◆———

John E. Kennedy, pro se.

No brief filed for appellee.

Before O'CONNELL and KALODNER, Circuit Judges, and LEAHY, District Judge.

KALODNER, Circuit Judge.

On a previous occasion we were obliged to reverse a dismissal by the District Court, of the instant petition for writ of habeas corpus to secure to Kennedy a hearing on the question whether, at the time of his arraignment, plea and sentence in the Dauphin County Court of Pennsylvania, his "* * * situation was one in which fundamental fairness required that he be represented by counsel." 3 Cir., 1949, 173 F.2d 544, 548.

Following our mandate, a full hearing was had in the court below, at which Kennedy was present and represented by able counsel. At the conclusion thereof, the Court filed a comprehensive opinion in which it found that, "In the light of the relator's age, intelligence and experience, the opinion of this Court is that the charges brought against the relator were not sufficiently complex as to render proceedings had thereon invalid for the reason that the accused was not represented by counsel."

Not only does the transcript of testimony afford adequate basis for this conclusion, but also, we are convinced that an inde-

pendent examination requires of us the same result as that reached by the learned trial judge.

The gravamen of Kennedy's complaint is that he was misled by the Dauphin County district attorney to believe that he would appear before a "Mercy Court", and that unwittingly he pleaded guilty to and was sentenced on charges of completed larceny by trick, larceny by bailee, and receiving stolen goods, not knowing that he could not have been legally convicted or sentenced on more than one of these charges. See our prior opinion, supra, at page 547.

The bills of indictment and the Pennsylvania law are fully discussed in our prior decision, to which reference is here made. It is sufficient to say that in the first bill (No. 225) Kennedy was charged with the offenses of larceny by trick and receiving stolen goods; in the second (No. 226), with larceny by trick, larceny by bailee and receiving stolen goods; and in the third (No. 227), with obtaining money under false pretense. There is no question that Kennedy committed the offense charged in the third bill; there is no doubt that he did not actually commit the larceny by trick charged in the first two bills but was only guilty of "attempt" to commit larceny by trick.

Kennedy's testimony in the Court below left something to be desired, disclosing a greater reliance on what this Court said in its prior opinion than upon the facts of his situation. Nevertheless, it clearly appears that Kennedy was of full age at the times the crimes were committed, his intelligence is unmistakable, and, by his own admission, his experience with the law included " * * * a few worthless checks, one or two forgeries—no violence." He heard the case stated against him in the Dauphin County Court, and availed himself of the opportunity granted to state his own case. He concedes that his criminal record as read to the Judge was correct.

The District Court patently credited the testimony of the district attorney who originally participated in Kennedy's case, and we agree. That testimony disaffirms the accusation of misrepresentation, and establishes that Kennedy in fact pleaded guilty to and was sentenced for two attempts at larceny by trick and the completed offense of obtaining money by false pretense in accordance with the facts of his case. That Kennedy knew the nature of the charges against him is evidenced by his own testimony that he pleaded guilty to attempt at the Alderman's hearing antedating both his conversations with the district attorney and the judicial hearing which he now complains lacked due process. And it may be noted that it was for the two attempts that Kennedy received sentences requiring penal servitude, the sentence for the completed offense having been suspended.

Under all the circumstances, we cannot say that Kennedy was entirely unaware of his right to engage legal counsel, and that there existed such a want of fundamental fairness at the time he pleaded guilty and was sentenced for the crimes he admittedly committed as to warrant a holding that, absent an attorney, he was deprived of due process of law. Bute v. Illinois, 1948, 333 U.S. 640, 68 S.Ct. 763, 92 L.Ed. 986; Gryger v. Burke, 1948, 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683. Indeed, to so hold would, in our opinion, be tantamount to a requirement that the accused must be offered counsel in the State courts in virtually every criminal case.

For the reasons stated, the decision of the District Court will be affirmed.

O'CONNELL, Circuit Judge (dissenting).

I disagree with the factual statement of the majority that the record "establishes that Kennedy in fact * * * was sentenced for two attempts at larceny by trick and the completed offense of obtaining money by false pretense in accordance with the facts of his case." My independent review of the record indicates that, at Nos. 225 and 226, Kennedy was sentenced for the completed offenses of larceny and, in addition to the imprisonment and fine imposed, was required to "restore the property stolen."

Prior to the decision of this court in Johnson v. Dye, 3 Cir., 175 F.2d 250, 255, in which I filed a dissenting opinion, I

98

had been of the belief that the scope of appellate review of habeas corpus petitions was not de novo. If, however, as this court held in that case, "* * * upon appeal in a habeas corpus case all questions of law or fact arising upon the record, including the evidence, are open to consideration by the appellate court' and the trial court has no authority to make conclusive findings of fact as in the ordinary action, Johnson v. Sayre, 158 U.S. 109, 15 S.Ct. 773, 39 L.Ed. 914, and we are not bound by the conclusions of the trial court, Carruthers v. Reed, 8 Cir., 102 F.2d 933, 937", under the special circumstances here presented, I would then conclude that "* * * the opportunity to have counsel in this case was a necessary element of a fair hearing." Uveges v. Commonwealth of Pennsylvania, 1948, 335 U.S. 437, 442, 69 S.Ct. 184, 186.