## UNITED STATES ex rel. PRIESTER v. ASHE.

### No. 161.

United States District Court
W. D. Pennsylvania.

Oct. 21, 1949.

Silvestri Silvestri, Pittsburgh, Pa., for plaintiff.

Craig T. Stockdale, Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

In the recent case of Application of Baer et al., 169 F.2d 770, the United States Court of Appeals for the Third Circuit reviewed the authorities and set forth clearly and completely the jurisdiction of the Federal District Court in habeas corpus proceedings of prisoners held under state court commitments. The Court held that after the higest state court has passed upon the merits of a petition for habeas corpus, state remedies are not exhausted so as to permit the filing of a petition for habeas corpus in a Federal District Court unless the Federal question involved is presented to the Supreme Court of the United States on certiorari or appeal from the state court's decision.

The petition for habeas corpus filed in the Supreme Court of Pennsylvania alleged certain state questions as grounds for granting the writ, but in addition, set forth that petitioner was denied due process of law by the Pennsylvania criminal court's failure to furnish him counsel. The Pennsylvania Supreme Court issued a rule and the Commonwealth's Attorney filed an answer. The answer dealt briefly with the state questions but went into considerable detail regarding the federal question of denial of counsel. The Supreme Court discharged the rule and denied the writ without an opinion.

Pennsylvania law in this particular type of case permits a prisoner to file an original petition in the State Supreme Court. From an examination of the record, this Court is of the opinion that the Pennsylvania Supreme Court in denying the petition without a hearing necessarily passed upon the Federal question presented by the petition and answer of the Commonwealth. This determination, in addition to the fact that the Court finds the circumstances in the instant case do not warrant this Court's departing from the normal procedure, places the case within the Circuit Court Rule as stated in Application of Baer, et al., supra.

At the outset of the hearing, the jurisdiction of this Court was argued, but the Court permitted the petitioner to present the merits of his case before deciding the jurisdictional question. The evidence failed to show that the petitioner was prejudiced in any way by not being represented by counsel at the time he was sentenced in the state court. The Supreme Court of the United States in the recent case of Uveges v. Commonwealth of Pennsylvania, 335 U.S. 437, 69 S.Ct. 184, declared that a prisoner in this district had been denied due process of law by the state court's failure to provide him with counsel because of the particular attending circumstances. An aftermath of that case has been an increase in the number of petitions for habeas corpus in this Court from state prisoners who have been sentenced without benefit of counsel. Contrary to the views expressed in these petitions, the Supreme Court has not declared that the Pennsylvania courts must provide the defendants in all criminal cases with counsel. See U. S. ex rel. Kennedy v. Burke, 3 Cir., 176 F.2d 96.

It is not the function of this Court to overrule the Pennsylvania courts and release a prisoner who has understandingly pleaded guilty to crimes in the state courts and admits his guilt before this Court.

The petition for a writ of habeas corpus in this case should be refused for the reason that no application was made to the Supreme Court of the United States for a writ of certiorari to the judgment of the Supreme Court of Pennsylvania, and for the further reason the facts do not disclose that petitioner was denied due process of law by the failure of the sentencing Court to appoint counsel for him.

This is a habeas corpus proceeding instituted by a state prisoner, who alleges that he is being unlawfully deprived of his liberty by the state authorities. The Court, after hearing and consideration thereof, makes the following Findings of Fact and Conclusions of Law:

## Findings of Fact

1. The petitioner, Adolph Priester, pleaded guilty in the Court of Quarter Sessions of Allegheny County, Pennsylvania, to the District Attorney's Indictments at Nos. 445, 446 and 447, February Sessions 1947, charging forgery and uttering checks.

2. On February 27, 1947, petitioner was sentenced on Indictment at No. 445 "to pay a fine of 6¼ cents to the County, pay costs of prosecution and undergo imprisonment for not less than five years or more than ten years in the Western Penitentiary and stand committed, effective as of February 18, 1947." Sentence was suspended on Indictments at Nos. 446 and 447, by reason of the sentence imposed at No. 445.

3. In October 1948, the petitioner filed an application for writ of habeas corpus in the Common Pleas Court of Allegheny County, Pennsylvania. The Court refused the writ without granting a hearing.

4. No appeal was taken from the Common Pleas Court's denial of the writ, but in May of 1949, the prisoner filed an original petition for writ of habeas corpus in the Supreme Court of Pennsylvania.

5. This petition alleged that the sentence imposed by the Court of Quarter Sessions was illegal for the reason that the petitioner had not signed the District Attorney's bills, he had not waived presentment to and indictment by the Grand Jury, and his right to trial by jury, and also that he was denied the right to be represented by counsel.

6. The Supreme Court of Pennsylvania upon receiving the Commonwealth's answer to the rule, refused the writ without granting the petitioner a hearing, and without writing an opinion.

7. After the Pennsylvania Supreme Court denied the writ, the petitioner did not seek certiorari from the Supreme Court of the United States.

8. In August 1949, the petitioner filed an application for writ of habeas corpus in this Court, setting forth substantially the same grounds as were presented to the Supreme Court of Pennsylvania.

9. This Court issued a rule to show cause, appointed counsel to represent the prisoner, and granted him a hearing on his petition.

10. At the hearing, the petitioner abandoned the state grounds set forth in his petition and urged as the sole ground for the granting of the writ, the state court's denial of his right to be represented by counsel.

11. The petitioner was forty-seven years of age at the time he was sentenced by the Court of Quarter Sessions.

12. There were no intricate or complex legal questions involved in the criminal proceeding. The petitioner was not a stranger in criminal court, having been sentenced on several previous occasions.

13. The petitioner understood the nature of the charge against him, and of his own volition, waived indictment by the Grand Jury and pleaded guilty to the charge.

14. The petitioner's formal education consisted of five grades of elementary school; his understanding of the questions asked and the quality of his testimony clearly showed that his general knowledge was such as to enable him to understandingly plead guilty to the charges.

15. Petitioner neither requested counsel nor was he offered counsel by the state court.

16. Petitioner admitted in this Court that he was guilty of the crimes for which he was sentenced, but urged that because the state court did not provide him with counsel, he had been denied due process of law, contrary to the Fourteenth Amendment.

## Conclusions of Law

### 1.

The Supreme Court of Pennsylvania in denying the writ, decided a Federal question.

### 2.

After Pennsylvania's highest appellate court has passed upon the Federal question in a habeas corpus proceeding, the next step in the normal procedure is to the United States Supreme Court for a writ of certiorari, and not to the Federal District Court for a writ of habeas corpus.

### 3.

The fact that the defendant was not provided with counsel by the Pennsylvania trial court does not mean that the proceedings violated the due legal procedure required by the Fourteenth Amendment.

### 4.

The circumstances in the instant case,— the age and general understanding of defendant, the simple issues involved, the defendant's understanding of the charge to which he pleaded, in addition to the petitioner's admission of guilt before this Court, are not such as render the state court's proceedings invalid because the defendant was not represented by counsel.

### 5.

The petition for writ of habeas corpus should be denied.