### UNITED STATES ex rel. RUSSELL v. COMMONWEALTH et al.

#### Civ. A. No. 9546.

United States District Court
W. D. Pennsylvania.
July 24, 1951.

Leslie I. Cohen, for petitioner. Pittsburgh, Pa.

J. Calvin Lang, Jr., Dist. Atty. of Blair County, Hollidaysburg, Pa., for the Commonwealth.

MARSH, District Judge.

George E. Russell petitions this court for a writ of habeas corpus. On April 27, 1951, leave was granted the petitioner to

proceed in forma pauperis and a rule issued to show cause why the writ should not be granted. The rule to show cause was served upon Dr. Claudy, the Attorney General of the Commonwealth of Pennsylvania, the District Attorney of Blair County, and the District Attorney of Allegheny County. On June 1, 1951, a hearing was held to enable the petitioner to adduce evidence that would warrant his release. Petitioner was represented at the hearing by Leslie I. Cohen, Esquire, Court-appointed Counsel. J. Calvin Long, Jr., District Attorney of Blair County, appeared on behalf of the Commonwealth. After hearing, and from the answers submitted by Dr. Claudy and Mr. Lang, it is apparent to the court that the petition for a writ of habeas corpus must be denied and the rule to show cause discharged.

The petitioner urges that this court grant his petition on the grounds that:

"a. His signature was obtained to District Attorneys bills of indictments, while under influence of 'Duress.'

"b. His signature was obtained to said bills, without the privilege and right for Counsel or/and Counsels presence.

"c. His signature was obtained to said bills outside of a Court, within the County Prison.

"d. That two names appears [sic], on said indictments, each name carrying the burden of equal guilt, yet one defendant received a double sentence.

"e. In crime of felony is it lawful to try and sentence a citizen without a grand inquest indictment, upon a District Attorney's Indictment, *which is merely a bill of information.*"

■ The answer of the District Attorney of Blair County contains the photostatic copies of the indictments. The indictments are in proper form and the petitioner waived presentment to the grand jury and entered a plea of guilty on each indictment.[1] The answer also contains a copy of the official transcript of the court proceedings from which the following appears:

"By the Court: Q. Do you have an attorney? A. No Sir.

"Q. Do you desire the Court to appoint one for you? A. No Sir."

And on page 4 of the transcript the following appears:

"Q. You are George E. Russell one of the defendants in this case? A. Yes.

"Q. About these two checks, were they made out by you? That is the check dated November 14, 1949, drawn on the Altoona Trust Company in the amount of $54.00, made payable to Patrick J. O'Reily, fraudulently signed by Otto F. Epple and was endorsed by you and cashed you you? [sic.] A. Yes.

"Q. And the other one was dated November 5, 1949, drawn on the Altoona Trust Company in the amount of $85.00 made payable to Mrs. Dorothy L. Williams and fraudulently endorsed Mrs. Dorothy L. Williams and cashed by you for you by the Wm. F. Cable Company? A. Yes.

"Q. And these are in your handwriting? A. Yes.

"Q. Now these other checks, you made them out? A. Yes, but he got the checks. 'meaning William Brogden'

"Q. But you made them out? A. Yes.

"Q. Where? A. Baltimore, Md.

"Q. How many checks did you make out? A. Ten. (10).

"Q. Do you know what became of the other eight (8)? A. I gave them to Brogden and he said he was going home and get them cashed."

■ From the above statements of the petitioner made in the proceeding in open court, it is obvious that the petitioner had no intention of withdrawing his plea of guilty. In fact, he does not even now deny his guilt. His main contention appears to center on an attack upon the price he is paying for his misconduct.[2] That is not

1. The waiving of presentment to the grand jury and entering the pleas of guilty on the indictments is in conformity with the statutory requirements set forth in 19 P. S. § 241.

2. 47 A January Term, 1950—Forgery, uttering and publishing a forged instrument—5 to 10 years; this sentence to begin from the date of commitment, November 18, 1949.

properly before this court in a petition for habeas corpus.

Petitioner further contends that his constitutional rights were violated when his plea of guilty was entered upon the indictments without affording him the advice of counsel. As the District Court for the Western District of Pennsylvania stated in United States ex rel. Priester v. Ashe, D.C.W.D.Pa.1949, 86 F.Supp. 673, 674: "Contrary to the views expressed in these petitions, the Supreme Court has not declared that the Pennsylvania courts must provide the defendants in all criminal cases with counsel." See also United States ex rel. Kennedy v. Burke, 3 Cir., 1949, 176 F.2d 96; Commonweath ex rel. McGlinn v. Smith, 1942, 344 Pa. 41, 48, 24 A.2d 1. The District Attorney's answer contains the photostatic copies of numerous indictments to which the petitioner had previously waived presentment to the grand jury and entered pleas of guilty. He appears to be sufficiently well versed in the procedure of the criminal court to have been fully aware of the consequences of pleading guilty. The trial court indicated its willingness to appoint counsel for him and, in fact, did appoint counsel for the petitioner's partner in the crimes charged in the indictments. If he had asked for counsel, the court would have appointed counsel to represent him. Petitioner cannot now collaterally raise the issue.

■ Petitioner also testified that he was suffering from mental and nervous disorders at the time he entered his pleas of guilty and that he was not mentally competent to enter said pleas. Petitioner was given an opportunity to produce medical testimony substantiating his contention. Efforts by petitioner's counsel in this regard have borne no fruit. This contention is, therefore, untenable.

■■ The remaining contentions of the petitioner do not raise issues which violate the Federal Constitution. The fact that his codefendant was given a lighter sentence is not a violation of due process. The contention that his signatures were obtained by duress and outside of the court are without merit in view of the fact that the official transcript contains detailed admissions of guilt made in open court.

■ Another ground which appears to us to compel a dismissal of this petition is that it is evident that the petitioner has not exhausted the remedies available to him in the courts of the State. Petitioner filed his original petition for a writ of habeas corpus in the Supreme Court of Pennsylvania which dismissed the petition on December 8, 1950. He then petitioned the Supreme Court of the United States for a writ of certiorari which was denied March 5, 1951. 340 U.S. 944, 71 S.Ct. 502. As this court has recently stated in United States of America ex rel. Geisel v. Claudy, Warden,[3] exhaustion of state remedies requires the petitioner to institute his action in the Court of Common Pleas of Allegheny County.[4] The petitioner alleges no

47 B January Term, 1950—Forgery, uttering and publishing a forged instrument—5 to 10 years; this sentence to run concurrently with indictment 47A January Term, 1950.

47 C January Term, 1950—Forgery, uttering and publishing a forged instrument—5 to 10 years; this sentence to run concurrently with indictments 47A and 47B January Term, 1950.

48 D January Term, 1950—Forgery, uttering and publishing a forged instrument—1 to 5 years; this sentence to run consecutively with indictments 47A, 47B and 47C January Term, 1950.

48 E January Term, 1950—Forgery, uttering and publishing a forged instrument—1 to 5 years; this sentence to run consecutively with indictments 47A, 47B, 47C and 48D January Term, 1950.

The petitioner is serving not less then 7 nor more than 20 years.

3. D.C.W.D.Pa.1951, 96 F.Supp. 201. See also United States of America ex rel. Calvin v. Claudy, Warden, Civil Action No. 9381, D.C.W.D.Pa.1951, 95 F.Supp. 732; United States ex rel. Rouzer v. Claudy, Warden, Civil Action No. 9296, D.C.W.D.Pa.; decided January 8, 1951;* United States of America ex rel. Frazier v. Commonwealth of Pennsylvania, D.C. W.D.Pa.1951, 97 F.Supp. 62.

* No opinion for publication.

4. Act No. 98, Senate Bill No. 360, of the Pennsylvania Legislature, effective May

exceptional circumstances which would warrant a departure from this established rule.

The petitioner has failed to show a violation of the Federal Constitution and has failed to exhaust his state court remedies. The petition for the writ, therefore, is denied and the rule to show cause discharged.

25, 1951, now requires the petition for habeas corpus to be brought, in the first instance, in the court of the county where sentence was imposed.