**UNITED STATES, Appellant,**

v.

**Rudolph PEARSON, Appellee.**

No. 3485.

District of Columbia Court of Appeals.

Argued May 11, 1964.

Decided July 17, 1964.

John R. Kramer, Asst. U. S. Atty., with whom David C. Acheson, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellant.

Dovey J. Roundtree, Washington, D. C., with whom Bernard M. Dworski was on the brief, for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired).

CAYTON, Judge.

Appellee was charged by information with "attempted petit larceny." He moved to quash the information on the ground that it failed to state a crime, and the trial court granted the motion. That ruling has been brought here for review on the government's appeal.

The question involves the application of two sections of our criminal code:

Code 1961, 22–103,

"Whoever shall attempt to commit any crime, which attempt is not otherwise made punishable by this title, shall

be punished by a fine not exceeding one thousand dollars or by imprisonment for not more than one year, or both."

and Code 1961, 22–2202,

"Whoever shall feloniously take and carry away any property of value of less than $100, including things savoring of the realty, shall be fined not more than $200 or be imprisoned for not more than one year, or both."

■ The primary issue on appeal is whether the information failed to state a crime because in charging "attempted petit larceny" under § 22–103, appellee may be subjected to a greater maximum penalty than if he were charged with the completed offense under § 22–2202. Appellee argues that punishment for an attempt cannot be greater than that for the completed offense; that therefore, Congress has left a void in the law so far as "attempted petit larceny" is concerned; and that this gap cannot be cured by judicial extension. Both parties admit that the legislative histories of sections 22–103 and 22–2202 do not indicate their exact relationship to "attempted petit larceny." We cannot agree, however, that § 22–103 fails to cover the offense of "attempted petit larceny." By the very language of § 22–103 it covers an attempt to commit *any* crime if the attempt is not otherwise made punishable by that title, and no other section of Title 22 expressly covers "attempted petit larceny." Therefore, there can be little doubt that the statute explicitly covers the offense. In addition, there is no logical reason for holding that because the fine is greater under the general attempt statute than for the completed offense, it means Congress intended to exclude "attempted petit larceny" from the scope of § 22–103.

■ Appellee also argues that if "attempted petit larceny" is a crime at all, it is a lesser included offense under § 22–2202. This argument is unreasonable; for if all attempts were lesser included offenses, § 22–103 would not be applicable to an attempt to complete any offense covered by Title 22 (where attempts were not otherwise covered).

■■ We turn to the contention that appellee may be subjected to a greater penalty under the general attempt section than he would be for the completed offense. It must be kept in mind that § 22–103 is a "general attempt" statute, while § 22–2202 deals specifically with petit larceny. Moreover, where one section of the Code read alone might indicate an unreasonable result, that result may sometimes be avoided by gathering the intent of the legislature from other sections related to the offense. Reading the two sections together, it would seem to follow that the maximum penalty for "attempted petit larceny" can be no greater than the maximum penalty that can be given for the completed offense of petit larceny. As was aptly said in a very early case:

"If an unexecuted attempt to steal could be punished with heavier penalties than larceny itself, such a construction cannot be just as it would impute to the legislature an intention inconsistent with all reason and justice, and contrary to the spirit and views of all their Acts, whose declared objects are to proportion punishments to the crime and to render all punishments moderate but certain, without regard to the quality of the person.

\*   \*   \*   \*   \*   \*

"It never could be the intention of the legislature to punish with greater severity an abortive attempt than a successful issue or leave it in the power of the court to do so." Rogers v. Commonwealth, 5 Serg. and R. 463 (Pa., 1819), cited in Commonwealth ex rel. Case v. Smith, Warden, 134 Pa.Super. 183, 3 A.2d 1007 (1939); and Commonwealth ex rel. Swisher v. Ashe, 145 Pa. Super. 454, 21 A.2d 479 (1941). See also Scott v. Commonwealth, 6 Serg. and R. 224 (Pa., 1820).

Congress can—and perhaps should—enact specific limiting provisions as to such sentences. But there is no invalidity in the law as it now stands. As a practical matter this problem, if problem there be, can easily be handled in each case when the time for sentence arrives. This, like many other situations, may safely be entrusted to the reasonableness, understanding and common sense of the trial judges. Until a defendant is subjected to a sentence for an attempted crime that is greater than the maximum penalty for the completed crime, it cannot be said that the statutes have been misapplied. We are satisfied that there is no reason for holding that the attempt statute is invalid or inoperative.

Reversed, for further proceedings in accordance with the foregoing opinion.